IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LINDA J. SONGER                                                                                       PLAINTIFF

VS.                                                 CIVIL NO. 04-6152

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                     DEFENDANT

**MEMORANDUM OPINION**

Linda Songer ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration, denying her applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on October 17, 2002, alleging an onset date of March 30, 2002, due to lower back and elbow pain. (Tr. 86-88). An administrative hearing was held on October 16, 2003. (Tr. 23-48). Plaintiff was present and represented by counsel.

On February 17, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting her subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform the full range of sedentary work. (Tr. 21). Then, utilizing the Medical-Vocational Guidelines (the "grids"), he concluded that plaintiff could still perform work that exists in significant numbers in the national economy. (Tr. 21).

On September 24, 2004, the Appeals Council declined to review this decision. (Tr. 5-7).

Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

2

diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical

3

question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ concluded that plaintiff could perform a full range of sedentary work. (Tr. 20). Then, utilizing the medical vocational guidelines, he determined that plaintiff could still perform work that exists in significant numbers in the national economy. (Tr. 21). However, in so doing, the ALJ failed to take into consideration the fact that plaintiff suffered from degenerative disc disease at the L4-5 level with a mild disc bulge and associated soft tissue pain in the sacroiliac region, a condition likely to impact an individual's ability to climb, balance, stoop, crouch, kneel, crawl, and work near heights. (Tr. 153). While we are aware of Dr. Queen's indication that a portion of his RFC assessment was completed by plaintiff, we note that his report does reveal that plaintiff could never perform activities requiring fine manipulation, climbing, stooping, crouching, kneeling, or crawling. (Tr. 160). As it is not clear whether this portion of the form was completed by plaintiff or Dr. Queen, we believe that remand is necessary to clarify the evidence. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record).

In addition, the ALJ also misstates Dr. Moore's conclusions. In his opinion, the ALJ stated that Dr. Moore found that plaintiff was able to lift no more than thirty pounds. (Tr. 15). Further, he

4

indicated that plaintiff had reported to Dr. Moore that she routinely lifted fifty to seventy pounds and remained able to work twenty hours per week at this exertional level. (Tr. 16). In actuality, the record reveals that plaintiff was working twenty hours per week at a job that required her to lift no more than thirty pounds. (Tr. 134). Dr. Moore made no assessment of plaintiff's ability to lift or perform work-related activities. As such, on remand, the ALJ is directed to address interrogatories to Dr. Moore asking him to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for his opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 17th day of January 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)